19937

The STATE, Respondent, v. Joann COLBY, Appellant

(210 S. E. (2d) 914)

*Messrs. Jenrette & Wheless,* of Myrtle Beach, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Robert M. Ariail, Asst. Atty. Gen.,* of Columbia, and *J. M. Long, Jr., Sol.,* of Conway, *for Respondent,*

January 8, 1975.

*Per Curiam:*

The appellant was convicted of possession of a pistol and of amphetamine drugs which had been seized from her person upon her warrantless arrest at the Horry County

Prison Camp. She appeals upon the ground "that the search which produced (the pistol and drugs) was unreasonable as a result of being incident to an unlawful arrest."

Appellant was at the prison camp as a visitor when a county official saw her pass a package to an inmate. Upon obtaining this package from the inmate in appellant's absence, the official discovered that it contained marijuana cigarettes and various pills and capsules. He immediately summoned a police officer to whom he exhibited the contraband and related the circumstances. The officer arrested appellant within the compound and searched her person, with the results already indicated.

Whether or not the search of appellant's person was justified as incident to a lawful arrest, we are of the opinion that it did not violate the constitutional proscription against unreasonable searches and seizures. "(W)herever an individual may harbor a reasonable 'expectation of privacy,' he is entitled to be free from unreasonable governmental intrusion." *Terry v. State of Ohio,* 392 U. S. 1, 9, 88 S. Ct. 1868, 1873, 20 L. Ed. (2d) 889 (1968). *Cf. Lanza v. New York,* 370 U. S. 139, 82 S. Ct. 1218, 8 L. Ed. (2d) 384 (1962).

Although no case in point has been found, we hold that the privilege of privacy does not extend to a visitor in a prison compound who has been seen to pass contraband to an inmate.

We have considered the old case of *Shields v. State,* 104 Ala. 35, 16 So. 85 (1894), which is cited in 60 Am. Jur. (2d), Penal & Correctional Institutions, Sec. 33, and in 72 C. J. S. Prisons § 18, as sole authority for the statement that a jailor may not lawfully search the person of a visitor without his consent. In that case, as "the (visitor) started to go into the prison part of the jail," after being warned that he would first have to be searched, "the sheriff took hold of him, and, against his consent, searched him, and found a pistol concealed about his person." On his prosecu-

tion for carrying a concealed weapon, this evidence was admitted over the defendant's objection that the search without his consent was illegal. On appeal, the court discoursed at some length on the correlative rights of the keeper of a jail and one seeking admittance as a visitor, and concluded that the search was illegal. However, applying the near universal rule of the day that the means by which relevant evidence had been obtained did not affect its admissibility in court, *State v. Hamilton*, 251 S. C. 1, 159 S. E. (2d) 607 (1968), the exception to the admission of the pistol was overruled. Since the legality of the search was immaterial to the admissibility of the evidence, the court's finding of illegality was mere *obiter dictum,* which does not persuade us to a different result on the facts here involved.

Affirmed.