20007

In re Willie Junior JONES, child under age of seventeen years,
Appellant

(214 S. E. (2d) 816)

*William T. Toal, Esq.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Asst. Atty. Gen.,* and *Brian P. Gibbes, Staff Atty.,* of Columbia, *for Respondent,*

*William T. Toal, Esq.,* of Columbia, *for Appellant,* in Reply.

May 7, 1975.

NESS, Justice:

The appellant was convicted of grand larceny. By his exceptions, he complains solely of the overruling of his motion to suppress certain evidence. His motion to suppress was based upon the fact that a state constable, on guard, on the Capitol grounds, did not have probable cause for arrest and for the subsequent search and seizure.

At the suppression hearing, the officer testified that at about 11:00 p. m. one evening, he saw two young boys crossing the State House grounds, the appellant carrying a large box. He stopped them in order to question them about the box, whereupon the other boy ran. When the boy ran, the officer took the appellant inside the State House and turned him over to another officer. This officer inquired where he got the box and was advised from Gants. Subsequently the city police were called and the defendant given his *Miranda* rights whereupon he told them that he had taken the box out of the back of a station wagon in the rear of Carolina Inn.

The basic argument of the appellant is that the officer did not have probable cause for arrest. The Supreme Court held in *Mallory v. U. S.*, 354 U. S. 449, 77 S. Ct. 1356, 1 L. Ed. (2d) 1479 (1957) that a police officer can arrest without a warrant for a felony if he has probable cause. What is probable cause, and did the officer in this case have it?

In *Carroll v. U. S.*, 267 U. S. 132, 161, 45 S. Ct. 280, 288, 69 L. Ed. 543 (1925), the Supreme Court said, quoting the Supreme Court of Pennsylvania: "The substance of all the definitions (of probable cause) is a reasonable ground for belief of guilt." The court repeated that quotation in *Brinegar v. U. S.*, 338 U. S. 160, 175, 69 S. Ct. 1302, 93 L. Ed. 1879 (1949). In *Husty v. U. S.*, 282 U. S. 694, 700, 51 S. Ct. 240, 242, 75 L. Ed. 629 (1931), Mr. Justice

Stone wrote for the court: "To show probable cause it is not necessary that the arresting officer should have had before him legal evidence of the suspected illegal act [citing case]. It is enough if the apparent facts which have come to his attention are sufficient, in the circumstances, to lead a reasonably discreet and prudent man to believe . . ."

Mr. Justice Rutledge wrote in *Brinegar, supra,* "in dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of every day life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved. 'The substance of all the definitions' of probable cause 'is a reasonable ground for belief of guilt,' " quoted with approval in the *Carroll* opinion, *supra.*

Reasonable grounds are determined by the circumstances. "Factual and practical considerations of everyday life," "facts and circumstances", "acting on facts", "the apparent facts", "in the circumstances" are some of the expressions used by the Court in the opinions from which we have quoted. The pertinent circumstances are those of the moment, the actual ones. *U. S. v. DiRe,* 332 U. S. 581, 592, 68 S. Ct. 222, 92 L. Ed. 210 (1948). Officers patrolling at night do not prearrange the setting. They do not schedule their steps in the calm of an office. Things just happen. They are required as a matter of duty to act as reasonably prudent men would act under the circumstances as those circumstances happen. Even the ultimate power of an officer in the case of a felony, depends on the circumstances of the moment. As Judge Parker wrote in *Stinnett v. Commonwealth of Virginia,* 55 F. (2d) 644, 645 (4th Cir. 1932) the rule is that an officer has the right to use such force "as under the circumstances appears reasonably necessary" to effect the arrest and, as he said, the jury must judge of the necessity "in the light of the circumstances as they reasonably appear to the officer at the time."

Among the other pertinent circumstances is the qualification and function of the person making the arrest. The standard is a reasonable, cautious and prudent man. But the question is whether the person making the arrest had probable cause. Probable cause is not a philosophical concept existing in a vacuum; it is a practical and factual matter. A fact which spells reasonable cause to a lawyer may make no impression on a plumber, and vice versa. Did the person who made the arrest, if a reasonable and prudent man, have probable cause? His action is not measured by what might be probable cause to an untrained civilian. When a peace officer makes the arrest the standard means a reasonable cautious and prudent peace officer. The question here is what constituted probable cause in the eyes of a reasonable, cautious and prudent peace officer under the circumstances of the moment. That is on the State House grounds as opposed to being on a street in the city of Columbia.

The problem faced by the officers is one of probabilities—not certainties—and not necessarily eventual truth.

We examine the circumstances under which this officer acted. The two boys were walking on the State House grounds, one of them carrying a large box, and the officers had knowledge that there had recently been trouble on the State House grounds. It was about 11:00 at night. Nighttime presents problems different from those of daytime. As the officer approached the boys, one of them ran. The officer asked the other boy what was in the box and received no reply. Certainly this calls for an investigation and for a reasonable explanation.

Perhaps no one of these circumstances taken separately, would spell probable cause. We do not say it would. We think that under these circumstances the officer had reasonable grounds for belief that a felony had been committed and that these young men had committed it. He had probable cause for arrest. What else should the officer have done?

He was on guard at the State House for the very purpose of preventing any harm or damage to the State House or its occupants. There had been trouble around the State House. The circumstances required inquiry, at least some satisfactory explanation should have been forthcoming. None was. One of the boys fled. What should the officer have done? Forthwith gesture this young man on? Or detain him for further inquiry—for investigation of the obviously reasonable suspicion? Clearly his duty required the latter. The arrest was legal. A subsequent search revealed a machine which was shown to have been stolen. The search was incidental to the valid arrest and so was legal.

We further believe that the furtive conduct of the appellant and his companion, considered in connection with Section 1-419 *et seq.* and Section 15-1095.17 of the Code of Laws of South Carolina, on the Capitol grounds and the circumstances here, constituted probable cause for arrest. We need not consider whether or not the arrest would have been proper on a public street, as we think a person on the State House grounds where he has a right to be, but not where he necessarily has to be is a circumstance to be considered. The primary use of the pathways on the Capitol grounds is basically to get to and from the Capitol, otherwise it is used only for a shortcut to one's ultimate destination.

No doubt one entering a prison or penitentiary may similarly be searched without a warrant. *State v. Colby,* S. C., 210 S. E. (2d) 914, 1975; *U. S. v. Hitchcock,* 467 F. (2d) 1107 (9th Cir. 1972); *U. S. v. Palmateer,* 469 F. (2d) 273 (9th Cir. 1972). One passing a customs inspection may have his person and effects searched for contraband without a warrant. It is to be remembered that in this case, as in that of the customs search, the object of the search is not to procure evidence of a crime which would not be permissible, but to prevent danger to the Capitol of its occupants.

In the language of *Terry v. Ohio,* 392 U. S. 1, 88 S. Ct. 1868, 1881, 20 L. Ed. (2d) 889 (1967), the case sharply illustrates "the need for law enforcement officers to protect themselves and other prospective victims of violence in situations where they may lack probable cause for an arrest." Under less compelling circumstances the search of an attorney's brief case in the corridor of a courthouse was sanctioned in *Downing v. Kunzig,* 454 F. (2d) 1230 (6th Cir. 1972).

The trial judge, after hearing and seeing all witnesses, concluded that probable cause for the arrest existed, taking into account as narrated the combination of circumstances, with a young boy carrying a box across the State House grounds late at night, and his companion fleeing when an officer confronted them. We agree. An additional ground for affirmance is that the appellant raised absolutely no exception to the admission of his written statement which constituted a confession of the crime charged.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.