578 S.E.2d 719

**In the Matter of the CARE AND TREATMENT OF Billy Ray TUCKER, Appellant.**

**No. 25608.**

Supreme Court of South Carolina.

Heard Feb. 19, 2003.
Decided March 24, 2003.

Paul Andrew Anderson, of Maxwell & Anderson, of Aiken; for appellant.

Attorney General Henry Dargan McMaster, Deputy Attorney General Treva Ashworth, Assistant Attorney General Deborah R.J. Shupe, and Assistant Attorney General Steven R. Heckler, all of Columbia; for respondent.

Justice MOORE.

Appellant, previously committed pursuant to the Sexually Violent Predator Act, S.C.Code Ann. § 44–48–10 to –170 (2002), appeals the circuit court's finding there was no probable cause to believe his mental abnormality or personality disorder had so changed that he was safe to be at large and was not likely to commit acts of sexual violence. We affirm.

## PROCEDURAL FACTS

In 1994, appellant pled guilty to first-degree criminal sexual conduct with a minor for sexually molesting his then six-year-old son. He was sentenced to ten years imprisonment.

In March 2000, a jury found appellant to be a sexually violent predator, and he was committed pursuant to the Sexually Violent Predator Act (the Act). Appellant did not appeal this finding.

Approximately a year later, the Department of Mental Health (the Department) forwarded to the court the results of appellant's annual review. *See* S.C.Code Ann. § 44–48–110 (2002) (person committed pursuant to the Act shall have an examination of his mental condition performed once every year; this report must be provided to the court that committed the person). The court ordered an examination of appellant by an independent expert. As permitted by § 44–48–110, appellant petitioned the court for release from his commitment.

A probable cause hearing was held on the issue whether the results of appellant's annual review warranted a trial to determine if he should be released from commitment.[1] Following the submission of written reports and arguments by counsel, the court found there was no probable cause to believe appellant's mental abnormality or personality disorder had so changed that he was safe to be at large and was not likely to commit acts of sexual violence.

## ISSUE

Did the court err by finding there was no probable cause to believe appellant's mental abnormality or personality disorder had so changed that he was safe to be released and was not likely to commit acts of sexual violence?

---

1. S.C.Code Ann. § 44–48–110 (2002) states: "If the court determines that probable cause exists to believe that the person's mental abnormality or personality disorder has so changed that the person is safe to be at large and, if released, is not likely to commit acts of sexual violence, the court shall schedule a trial on the issue."

## FACTS

At appellant's probable cause hearing, the court was presented with the Department's annual treatment review summary, the results of tests previously administered on appellant, a psychological consultation report from Dr. Carey A. Washington, and a psychiatric evaluation report from Dr. Thomas V. Martin.

The annual review summary indicated appellant was diagnosed with pedophilia, limited to incest. After several months of treatment, appellant admitted to sexually molesting his youngest son and took more responsibility for his aberrant sexual behavior. The summary noted appellant, who was a cooperative and active participant in his treatment, had met some treatment plan goals and was working on meeting other goals. The Department recommended that appellant continue in residential treatment to address several treatment concerns.

Appellant was administered a Penile Plethysmograph (PPG), which is designed to measure sexual responsiveness to a variety of stimuli across gender, age, and sexual activity. The PPG suggested female and male preschoolers (ages two to four years) aroused appellant.

Appellant was also administered the Abel Assessment for Sexual Interest (ASI), which measures whether someone is aroused by something that is considered abnormal, such as pedophilia. This test indicated appellant was interested in two-to-four-year-old females and eight-to-ten-year-old females and males.

Appellant was also evaluated according to the Static–99 test. The Static–99 is a brief actuarial instrument designed to estimate the probability of sexual and violent recidivism among adult males who have already been convicted of at least one sexual offense against a child or non-consenting adult. According to the Static–99, appellant received a score of 3, which is consistent with a medium-low risk category for re-offending.

Dr. Carey Washington, a licensed counseling psychologist, concluded that appellant's "return to the community, if such is achieved, would be favorable with restrictions." Dr. Washing-

ton stated appellant presents "some concern and remorse about his behavior that possibly, over a period of time, could be resolved and worked more favorably towards him."

Dr. Thomas Martin, a psychiatrist, noted that appellant, after several months of intense treatment, "broke through his denial and took responsibility for the sexual offense against his youngest son." Dr. Martin set out reasons for releasing appellant to an outpatient setting and reasons for continuing to confine appellant for treatment. Dr. Martin found appellant was capable of and motivated towards continuing sex offender treatment in the outpatient setting. He stated the outpatient treatment would have to be long-term and meet at least weekly. Dr. Martin also recommended that appellant would need to take Zoloft, an antidepressant used to decrease an inappropriate sex drive. Dr. Martin did not conclude, in the language of the statute, that appellant's mental abnormality or personality disorder had so changed that he was safe to be at large and, if released, was not likely to commit sexually violent acts.

## DISCUSSION

On review, the appellate court will not disturb the hearing court's finding on probable cause unless found to be without evidence that reasonably supports the hearing court's finding. *See In re Treatment and Care of Luckabaugh*, 351 S.C. 122, 568 S.E.2d 338 (2002) (citing *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E.2d 773 (1976)) (on appeal of non-jury law case, findings of fact will not be disturbed unless found to be without evidentiary support).

In a § 44–48–110 probable cause hearing, the committed person has the burden of showing the hearing court that probable cause exists to believe that his mental condition has so changed that he is safe to be released. *See People v. Hardacre*, 90 Cal.App.4th 1392, 109 Cal.Rptr.2d 667 (2001) (at show cause hearing, committed person must establish probable cause to believe his mental condition has changed so that he is no longer a danger to others). Appellant did not meet this burden at the probable cause hearing.

According to the Department's annual review summary, appellant had progressed in his treatment by meeting certain treatment goals, such as admitting the sex offense against his son; however, there were several other treatment goals appellant still had not met. The Department recommended appellant continue in residential treatment.

Dr. Washington reported appellant could be released from commitment in the future, but the release would have to include restrictions. Dr. Martin reported appellant could be released from commitment to long-term outpatient care as long as he was treated on a regular basis and was administered Zoloft.

Appellant did not present evidence to show there is probable cause to believe his mental condition has so changed that he is safe to be released. The Department and Dr. Washington both reported appellant was not ready to be released, although he has made progress in his treatment. While evidence exists that appellant could be released to long-term outpatient care that meets on a regular basis, there is no evidence that appellant's mental condition had so changed that he is safe to be at large and, if released, unlikely to commit sexually violent acts.

Because there is evidence that reasonably supports the hearing court's finding of no probable cause, we affirm the decision of the hearing court.

**AFFIRMED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.