616 S.E.2d 441

In the Matter of the CARE AND TREATMENT
OF John Phillip CORLEY, Appellant.

No. 4009.

Court of Appeals of South Carolina.

Submitted June 1, 2005.

Decided July 5, 2005.

---

Sonja R. Tate, and Michael N. Loebl, of Augusta, Georgia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General R. Westmoreland Clarkson, Assistant Attorney General Deborah R.J. Shupe, Office of the Attorney General, of Columbia, for Respondent.

KITTREDGE, J.:

Following a determination, pursuant to the Sexually Violent Predator Act (the Act), that John Phillip Corley is a sexually violent predator, a probable cause hearing was held on the issue of whether the results of the statutory annual review warranted a trial to determine if Corley should be released from confinement. Corley appeals from the circuit court's finding that there was no probable cause to believe his mental abnormality or personality disorder had so changed that he was safe to be at large and that he was not likely to commit acts of sexual violence. We affirm.

## FACTS

In March 1993, a jury convicted Corley of assault and battery of a high and aggravated nature and he was sentenced to ten years. In August 1993, Corley pled guilty to criminal sexual conduct in the second degree and was sentenced to a concurrent term of fourteen years.

A jury subsequently found Corley to be a sexually violent predator and he was committed pursuant to the Act. The judgment was affirmed on appeal. *In the Matter of the Care & Treatment of Corley*, 353 S.C. 202, 577 S.E.2d 451 (2003). In May 2003, Corley petitioned the court for release from commitment pursuant to S.C.Code Ann. § 44-48-110 (Supp. 2002).[1]

The circuit court held a probable cause hearing in September 2003 to determine whether the results of Corley's annual review warranted a trial on the issue of his fitness for release. Following the submission of written reports and arguments by counsel, the court found probable cause did not exist to believe Corley's mental abnormality or personality disorder had so changed that he was safe to be at large and unlikely to commit acts of sexual violence. Corley challenges the circuit court's finding of no probable cause.

---

1. The Act was amended in 2004. "The 2004 amendment substituted 'must' for 'shall' throughout and added [a] sentence relating to notification of the victim." *See* Effect of Amendment, S.C.Code Ann. § 48-44-110 (Supp.2004). This appeal is unaffected by the 2004 amendment.

## LAW/ANALYSIS

### I.  Sufficiency of the Order

■ Section 44–48–110 of the South Carolina Code (Supp. 2002)—which was applicable at the time of Corley's September 2003 hearing—set forth the procedure for reviewing commitments under the Act. A person committed under the Act must have an annual examination of his mental conditions. *Id.* The court must conduct an annual hearing to review the committed person's status, and the committed person may petition the court for release at this hearing. *Id.* At the hearing, the circuit court uses a probable cause standard to determine whether sufficient evidence exists to go to trial:

> If the court determines that probable cause exists to believe that the person's mental abnormality or personality disorder has so changed that the person is safe to be at large and, if released, is not likely to commit acts of sexual violence, the court shall schedule a trial on the issue.

*Id.*

In this case, the circuit court conducted an annual review hearing and determined that probable cause did not exist to warrant a trial on Corely's request for release from confinement. The court considered the evidence and determined that the lack of the requisite probable cause precluded a further hearing or trial. The circuit court's conclusory order appears to be a form order submitted by the State. Corley maintains that the circuit court's order failed to make adequate findings of fact and conclusions of law to permit judicial review.

■ The first question before us, which we answer in the affirmative, is whether the circuit court must make detailed findings in connection with a probable cause determination in an annual review under the Act. We find especially persuasive our supreme court's sound analysis in *In the Matter of the Treatment and Care of Luckabaugh*, 351 S.C. 122, 568 S.E.2d 338 (2002). The court held in *Luckabaugh* that the circuit court erred in failing to set forth its findings—and violating Rule 52(a), SCRCP—in an initial merits hearing under the Act.[2] *Luckabaugh* recognizes the obvious—meaningful appellate review is more readily obtained when we are presented

---

2.  Rule 52(a) provides as follows: "In all actions tried upon the facts without a jury ..., the court shall find the facts specially and state

with a clear presentation of the basis for the circuit court's findings:

> Trial courts, sitting without juries in an action at law, write their findings specially and separately:
>
>> to allow a reviewing court to determine from the record whether the judgment—and the legal conclusions which underlie it—represent a correct application of the law. The requirement for appropriately detailed findings is thus not a mere formality or a rule of empty ritual; it is designed instead to dispose of the issues raised by the pleadings and to allow the appellate courts to perform their proper function in the judicial system.

*Id.* at 132, 568 S.E.2d at 343 (internal citations omitted) (quoting *Coble v. Coble*, 300 N.C. 708, 268 S.E.2d 185, 189 (1980)).

There are, to be sure, innumerable instances where the strictures of Rule 52(a) do not apply. Trial courts routinely make rulings in a variety of settings (preliminary to, and in the context of a, trial) without the need to issue a formal order containing specific findings of fact. "We do not require a lower court to set out findings on all the myriad factual questions arising in a particular case." *Luckabaugh*, 351 S.C. at 133, 568 S.E.2d at 343. We are not presented here with a mere evidentiary ruling or some peripheral determination. An annual review hearing under the Act is in the nature of a trial. A finding of "no probable cause" is indeed dispositive of the proceeding and provides the finding from which an appeal is taken.[3]

We hold that, in making a probable cause determination in an annual review under the Act, the circuit court should

---

separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58 (providing for entry of judgment)...." Rule 52(a), SCRCP.

**3.** In the family court context, Rule 26(a), SCFCR, provides a counterpart to Rule 52(a), SCRCP. When considering family court orders deemed conclusory, and thus incapable of proper judicial review, this court noted in *Atkinson v. Atkinson*, 279 S.C. 454, 456, 309 S.E.2d 14, 15 (Ct.App.1983):

> Proper appellate review is extremely difficult, if not impossible, where a lower court order omits specific findings of fact to support its legal conclusions. We appreciate the problems which Family Court Judges may have from time to time in meeting the require-

substantially comply with Rule 52(a) and "find the facts specially and state separately its conclusions of law."

We do not find, however, that the deficient order requires reversal. Unlike the uncertainty that surrounded the circuit court's determination in *Luckabaugh*, a review of this record clearly documents a factual basis for concluding that probable cause was lacking. From the comments of and questions posed by the able circuit judge, we need not speculate as to the basis of his decision, for we clearly discern—as discussed below—the basis of his finding of no probable cause.

## II. Probable Cause Finding

█ Concerning Corley's challenge to the circuit court's probable cause finding, such ruling will not be disturbed "unless found to be without evidence that reasonably supports the hearing courts finding." *In the Matter of the Care & Treatment of Tucker*, 353 S.C. 466, 470, 578 S.E.2d 719, 721 (2003).

Evidence reasonably supports the circuit court's probable cause finding. Although Corley made progress, his behavior remained "a big problem." He received at least five major disciplinary citations in the year prior to the review, some of which involved his "manipulating to use the telephone" to make sexually inappropriate calls. Corley had been involved in a sexual relationship with a staff member, and had threatened staff. Additionally, he had numerous unexcused absences from group sessions. Corley had not completed treatment. At the time of the hearing, he was on the lowest level in the Treatment Incentive Program due to his inappropriate behavior on the unit.

Dr. Lanette Atkins testified Corley needs further treatment. Dr. Atkins further testified that based on Corley's

---

ments of [Rule 26(a)]. Unremitting workloads and arduous responsibilities hamstring even the most dedicated. Nonetheless, we believe that strict compliance with the rule promotes the administration of justice at every judicial level.

We echo the sentiments of the court in *Atkinson*, and recognize that a trial courts specific findings of fact and conclusions of law are critical to meaningful appellate review. We do not intend to unnecessarily increase our trial courts substantial existing burdens, but instead our goal is to seek greater efficiency in the "administration of justice" by facilitating proper appellate review.

history of assaultive behavior and continuing manipulative behavior, he continues to be a risk to the community.

In response, Corley offered the testimony of Carl Harry Douglas, a counselor who treats sex offenders in an outpatient setting. Douglas testified Corley would need to continue in outpatient treatment if he were released. However, the Act contains no provision for court-ordered outpatient treatment.

We find ample support to sustain the circuit court's finding of no probable cause.

### III. Constitutional Challenge to the Act

■ Corley further requests a ruling that the Act is invalid on due process grounds. This argument has not been preserved for appeal.

■ Constitutional issues, like most others, must be raised to and ruled on by the trial court to be preserved for appeal. *See State v. Varvil*, 338 S.C. 335, 339, 526 S.E.2d 248, 250 (Ct.App.2000). The record contains no indication that Corley ever raised a due process argument in the circuit court. This argument is not preserved for review.

### CONCLUSION

We find that the circuit court's probable cause determination is supported by the evidence.

**AFFIRMED.**

GOOLSBY, and HUFF, JJ., concur.