THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
In the Matter of the Care and Treatment of James Bennington,
Appellant.
 
 
 

Appeal From Lexington County
 William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2006-UP-180
Heard March 7, 2006  Filed April 4, 2006

AFFIRMED

 
 
 
Tara Shurling, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General Deborah R.J. Shupe, and Assistant Attorney General R. Westmoreland Clarkson, all of Columbia, for Respondent.
 
 
 

PER CURIAM: 
Bennington appeals from an order denying his release from the Department of Mental Health (the Department), arguing that the trial court erred by applying the wrong standard in its determination that no probable cause existed to believe that Benningtons mental abnormality or personality disorder had so changed that he was safe to be at large and that he was not likely to commit acts of sexual violence.  We affirm.
 FACTS
 In 1989, Bennington was convicted of three counts of contributing to the delinquency of a minor for taking nude photographs of three different adolescent girls.  In 1991, Bennington was convicted of one count of criminal sexual conduct with a minor and one count of contributing to the delinquency of a minor involving a 13-year-old girl.  On September 6, 2000, Bennington was found to be a sexually violent predator pursuant to Section 44-48-100 of the South Carolina Code (Supp. 2005) and was committed to the custody of the Department until such a time as his condition had so changed that it is safe for him to be at large.  On July 30, 2003, Bennington petitioned the court for release.  After being rescheduled twice, a hearing was held on March 2, 2004 to determine if there was probable cause to have an annual review trial.  On March 2, 2004, the trial judge issued his order denying Benningtons request for a trial, after finding that there was not probable cause to believe that Benningtons mental abnormality or personality disorder had so changed that he was safe to be at large and, if released, unlikely to commit acts of sexual violence.[1]  This appeal follows.         
 LAW/ANALYSIS
 Bennington argues the trial court erred by applying the wrong standard in its determination that no probable cause existed to believe that Benningtons mental abnormality or personality disorder had so changed that he was safe to be at large, and, if released, was not likely to commit acts of sexual violence.  We disagree.  
 Section 44-48-110 of the South Carolina Code (Supp. 2005) mandates that a person committed under the Sexually Violent Predator Act (the Act), S.C. Code Ann. § 44-48-10 to 170 (Supp. 2005), must have an annual examination of his mental condition and the court must conduct an annual hearing to review the committed persons status.  A committed person may petition the court for release from the Department at the annual hearing.  At the hearing to determine whether the results of a statutory annual review warrant a trial to determine if a committed person should be released from confinement, the trial court uses a probable cause standard: 

 If the court determines that probable cause exists to believe that the persons mental abnormality or personality disorder has so changed that the person is safe to be at large and, if released, is not likely to commit acts of sexual violence, the court shall schedule a trial on the issue.

 S.C. Code Ann. § 44-48-110 (Supp. 2005); In the Matter of the Care & Treatment of Corley, 365 S.C. 252, 255, 616 S.E.2d 441, 442 (Ct. App. 2005).  In South Carolina, the committed person bears the burden of showing the hearing court that probable cause exists to believe that his mental health condition has so changed that he is safe to be released.  In the Matter of the Care & Treatment of Tucker, 353 S.C. 466, 470, 578 S.E.2d 719, 721 (2003).  On review, the appellate court will not disturb the hearing courts finding on probable cause unless found to be without evidence that reasonably supports the hearing courts finding.  Id. at 470, 578 S.E.2d 719 at 722; See also Corley, 365 S.C. at 257, 616 S.E.2d at 444.
 The Kansas Supreme Court noted the probable cause hearing required by its Sexually Violent Predator Act, after which the South Carolina Act is modeled, is akin to a preliminary hearing in a criminal matter and, therefore, found relevant the standard applicable in criminal proceedings.  In the Matter of the Care and Treatment of Foster, 127 P.3d 277, 284 (Kan. 2006).  Additionally, the Supreme Court of Washington, in discussing its sexually violent predator act and the application of the probable cause standard, stated that the issuance of a search warrant and a warrantless arrest are the most common examples of the probable cause determination.  In re Detention of Petersen, 42 P.3d 952, 957 (Wash. 2002).  In those determinations, the court must determine whether the facts (or absence thereof)if believedwarrant more proceedings.  Id. (emphasis in original); see also In re Jones, 264 S.C. 286, 288, 214 S.E.2d 816, 816 (1975) (The substance of all the definitions (of probable cause) is a reasonable ground for belief of guilt[].); Blacks Law Dictionary 977 (Abridged 7th ed. 2000) (stating that probable cause amounts to more than a bare suspicion but less than evidence that would justify a conviction).
 Bennington claims the issue of the appropriate standard to be applied at a probable cause hearing is an issue of first impression in South Carolina.  Bennington further alleges that the trial judge should not weigh the evidence presented at the hearing, but should limit its determination to the existence or non-existence of probable cause.  Although our courts have not explicitly stated a standard for these types of hearings, it is clear from both In the Matter of the Care & Treatment of Tucker and In the Matter of the Care & Treatment of Corley that the trial court is supposed to test the sufficiency of the evidence in making its determination.  In Tucker, our supreme court found that the evidence reasonably supported the trial judges finding of no probable cause even though there was evidence that Tucker could have been released to long-term outpatient care.  Tucker, 353 S.C. at 471, 578 S.E.2d 719 at 722; See also Corley, 365 S.C. at 257-258, 616 S.E.2d 441, 444 (finding that the evidence reasonably supported the trial judges finding of no probable cause because there was evidence that Corley would need outpatient treatment if released and the Act does not provide for court-ordered outpatient treatment).  
 In this case, Bennington presented evidence that he had made progress in his treatment and could be released to outpatient treatment.  However, Bennington testified that after his release he planned on traveling across the country to try to locate his son in California and that he would find treatment if he needed it.  Dr. Lanette Atkins testified for the State that she was concerned about Benningtons plans to take a month off from therapy and travel because the initial adjustment to the community is stressful and to think about taking a trip across the country, its not realistic to think that you can go to a new city, and walk into a mental health center, and see somebody, and be treated as a sexual offender.  Additionally, Atkins testified that Bennington is diagnosed with pedophilia and he has declined medication because he told her he sees no need for medication to control any sexual urges.  In his order, the judge stated that Bennington was trying to establish his own rules on some critical aspects of his treatment that are not realistic and are likely to encourage re-offending.  He further found that [t]his mindset is completely unacceptable and demonstrates a lack of insight that is dangerous.  Atkins concluded that she did not see evidence of sufficient change to say that [Bennington] is not likely to commit acts of sexual violence.  The trial judge found Atkins testimony to be extremely credible.  Therefore, we find the evidence reasonably supports the trial judges finding of no probable cause to have an annual review trial.  
 AFFIRMED. 
 BEATTY, SHORT, and WILLIAMS, JJ., concur.

[1] Subsequent to this appeal, Bennington was released from the Department on March 10, 2005.  A case becomes moot when judgment, if rendered, will have no practical legal effect upon [the] existing controversy.  This is true when some event occurs making it impossible for [the] reviewing Court to grant effectual relief.  Mathis v. South Carolina State Highway Dept, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973).  However, [a]n appellate court can take jurisdiction, despite mootness, if the issue raised is capable of repetition but evading review.  Because a person who is committed pursuant to the Act is entitled to an annual review of his status, or may be released at any time upon the petition of the Director of the Department, [t]here exists the very real possibility, then, that many SVP appellants will be released before their appeals can be concluded. 
In re McCracken, 346 S.C. 87, 90, 551 S.E.2d 235, 237 (2001).  Therefore, although Benningtons case is moot, this court has jurisdiction to hear Benningtons appeal because it is capable of repetition but evading review.