THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Appellant,
 
 
 

v.

 
 
 
 Phillips
 Hungerford, Respondent.
 
 
 

Appeal From Greenville County
 John C. Few, Circuit Court Judge
Unpublished Opinion No. 2008-UP-133
Submitted February 1, 2008  Filed
 February 27, 2008   
AFFIRMED

 
 
 
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior
 Assistant Attorney General Norman Mark Rapoport, Office of the Attorney
 General, all of Columbia;  and Solicitor Robert M. Ariail, of Greenville, for
 Appellant.
 Howard W. Paschal, Jr. and Catherine O. Fayssoux, both of Greenville, for Respondent.
 
 
 

PER CURIAM:  The
 State appeals the circuit courts reversal of Hungerfords driving under the
 influence (DUI) conviction arguing it was based on a ground not raised during
 the trial before the magistrate court.  We affirm.[1] 
FACTS
In the
 early morning hours of October 7, 2001, Phillips Hungerford was returning home
 after attending a wedding reception.   Russell Thompson, a State Trooper with
 the South Carolina Highway Patrol, followed Hungerford as he drove through a
 construction zone on Highway 291, a highway with three lanes of travel in each
 direction.  Trooper Thompson noticed Hungerford having trouble maintaining his
 lane of travel.  Initially, Trooper Thompson attributed Hungerfords improper
 driving to confusion in negotiating the construction zone.  Trooper Thompson
 continued to follow Hungerford and observed him driving erratically after
 leaving the construction zone.  This prompted Trooper Thompson to initiate a
 traffic stop.  During the traffic stop, Trooper Thompson had Hungerford attempt
 two field sobriety tests.  Hungerford failed both tests.  As a result,
 Hungerford was placed under arrest for Driving Under the Influence.  
On September
 22, 2005, Hungerford had a jury trial in magistrate court for the DUI offense.  Prior
 to jury selection, Hungerfords attorney made a motion to exclude video footage
 of his client, which had been made at the time of and following his arrest. 
 The video footage was contained on two tapes.  The first video tape begins with
 Trooper Thompsons initial questioning of Hungerford during the traffic stop
 and continues until Trooper Thompson and Hungerford arrive at the county jail. 
 
The second video tape, which was made at the county jail, shows
 Trooper Thompsons attempts at getting Hungerford to take a Datamaster/Breathalyzer
 test.  At the beginning of the second video tape, Trooper Thompson advises
 Hungerford of his Miranda[2] rights.  The second video tape includes Hungerford attempting to invoke his
 right to counsel seventeen times.  Hungerford makes numerous statements which
 are similar to I am not refusing to take the test. I am saying I want to talk
 to my attorney before I take the test.  Trooper Thompson interprets
 Hungerfords invocations as refusals to take the Datamaster/Breathalyzer test. 
 The video tape shows Trooper Thompson informing Hungerford he has refused to
 take the test.                   
During the pre-trial motion hearing before the magistrate, Hungerfords
 attorney argued, inter alia, the footage should be excluded as a
 violation of [Hungerfords] Fifth Amendment rights, and the Miranda warnings, and in particular the portion of the tape after the arrest.  The
 magistrate ruled the tapes were admissible and replied to Hungerfords
 attorney: I understand. Youre preserved well on the record, Counsel, and Ill
 be glad - - Ill look forward to hearing from the appeals in this matter so
 that we can get some better guidance.       
Trooper Thompson was the first witness called during the trial.  At
 the conclusion of his testimony, both video tapes were played for the jury. The
 jury found Hungerford guilty.  Hungerford appealed his conviction to the
 circuit court arguing, inter alia, his invocation of rights guaranteed
 under Miranda, after being advised of a right to invoke said rights,
 prohibited the introduction at trial of: 1) the fact that he invoked his right
 to counsel; and 2) the fact that he refused to take the Datamaster/Breathalyzer
 test based on the States refusal to allow him to speak with counsel.[3]  Hungerford argued the fact that he
 the invoked his Miranda rights, after being advised of said rights,
 could not be used against a him at trial given the United States Supreme Courts
 holding in Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240 (1976).  
The State argued, inter alia, Hungerfords issues on appeal
 had not been raised below and, therefore, were not preserved for appeal.  The
 State contended the arguments made during the motion hearing were limited to
 the first video tape, Hungerfords attorney had not mentioned Doyle during the proceedings before the magistrate, and Hungerfords attorney failed
 to make a contemporaneous objection to the second video tape when it was introduced
 at trial.   Hungerfords attorney countered that because Hungerford waived his
 rights in the first video tape, the only Constitutional or Miranda issue
 in the case was in the second video tape and, accordingly, the second video
 tape was target for his objection.    
After
 considering the wording of Hungerfords objection at the motion hearing, the
 magistrates assurance that Hungerfords arguments were understood and preserved,
 and the fact that the only Constitutional or Miranda issue in the case
 was in the second video tape, the circuit court found Hungerfords arguments
 were preserved for appeal.  The circuit court reversed Hungerfords conviction
 and ordered the matter remanded for a new trial.  This appeal follows.
STANDARD OF REVIEW
Appeals
 from magistrate court convictions are made to the circuit court. S.C. Code Ann.
 § 18-3-10 (Supp. 2006). The circuit court, acting as the appellate court,
 reviews the matters raised in the notice of appeal. S.C. Code Ann. § 18-3-70
 (Supp. 2006) (The appeal must be heard by the Court of Common Pleas upon the
 grounds of exceptions made and upon the papers required under this chapter,
 without the examination of witnesses....). In criminal appeals from
 magistrate or municipal court, the circuit court does not conduct a de novo review, but instead reviews for preserved error raised to it by appropriate
 exception.  State v. Henderson, 347 S.C. 455, 457, 556 S.E.2d 691, 692
 (Ct. App. 2001).  An issue is not preserved when one ground is raised to
 the trial court and another ground is raised on appeal. State v. Freiburger,
 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005).  Constitutional issues, like
 most others, must be raised to and ruled upon by the trial court to be
 preserved for appeal. In re Care & Treatment of Corley, 365 S.C.
 252, 258, 616 S.E.2d 441, 444 (Ct. App. 2005).  In
 criminal cases, the appellate court sits to review errors of law only. State
 v. Baccus, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006).
LAW/ANALYSIS
The
 State appeals arguing the circuit court reversed Hungerfords conviction based
 on a ground not raised in the magistrate court.[4]  The State contends the
 arguments during the motion hearing were limited to the first video tape,
 Hungerfords attorney did not mention Doyle during the proceedings
 before the magistrate, and Hungerfords attorney failed to make a
 contemporaneous objection to the second video tape when it was introduced at
 trial.  
After
 reviewing the transcript from the magistrate court, we find the issues relied
 on by the circuit court were preserved for appellate review.  A party need not
 use the exact name of a legal doctrine in order to preserve it, but it must be
 clear that the argument has been presented on that ground.  State v. Dunbar, 356
 S.C. 138, 142, 587 S.E.2d 691, 694 (2003).  In order to preserve for
 review an alleged error in admitting evidence an objection should be
 sufficiently specific to bring into focus the precise nature of the alleged
 error so it can be reasonably understood by the trial judge.  State v. Prioleau,
 345 S.C. 404, 411, 548 S.E.2d 213, 216 (2001).  
Hungerfords
 attorney specifically stated that he had an additional objection based on a
 violation of his clients Fifth
 Amendment rights, and the Miranda warnings, and in particular the
 portion of the tape after the arrest.  In
 response, the magistrate assured him that his objection was understood and he
 was preserved well on the record.    We, as an appellate court, are not in a
 position to second guess the understanding of the magistrate.  Additionally, there
 was no need for a contemporaneous objection because the video tapes were
 admitted immediately following the motion hearing.  See State v.
 Forrester, 343 S.C. 637, 642, 541 S.E.2d 837, 840 (2001) (Where a
 judge makes a ruling on the admission of evidence on the record immediately
 prior to the introduction of the evidence in question, the aggrieved party does
 not need to renew the objection.).
CONCLUSION
For the reasons stated above, the order of the circuit court is
AFFIRMED. 
ANDERSON, SHORT, and THOMAS JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR. 
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966).
[3] Hungerford has not argued he had a right to meet with
 or speak with counsel prior to taking the Datamaster/Breathalyzer test. 
 
[4] This preservation argument is the only issue argued
 by the State on appeal.  Accordingly, we are not reviewing the underlying
 merits of the circuit courts reversal.