THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 In the Matter
 of the Care and Treatment of James Carl Miller, Appellant.
 
 
 

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2011-UP-457   
 Submitted October 1, 2011  Filed October
13, 2011

AFFIRMED

 
 
 
 David B. Betts, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Attorney General Deborah R.J.
 Shupe, and Assistant Attorney General William M. Blitch, all of Columbia, for
 Respondent.
 
 
 

PER CURIAM: James
 C. Miller appeals the circuit court's finding that no probable
 cause existed to believe that Miller's mental abnormality or personality
 disorder had so changed that he was safe to be at large and, if released, was
 not likely to commit acts of sexual violence.  Miller argues he was
 entitled to a trial because he met his burden at the probable cause hearing through
 his expert's testimony.  We
 affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C. Code Ann. § 44-48-110 (Supp. 2010) (allowing a person
 committed under the Sexually Violent Predator Act (the Act) to petition the
 court for release at the annual hearing to review the committed person's status
 and "[i]f the court determines that probable cause exists to believe that
 the person's mental abnormality or personality disorder has so changed that the
 person is safe to be at large and, if released, is not likely to commit acts of
 sexual violence, the court must schedule a trial on the issue"); In
 re Care and Treatment of Tucker, 353 S.C. 466, 470, 578 S.E.2d 719, 721
 (2003) ("On review, the appellate court will not disturb the [circuit]
 court's finding on probable cause unless found to be without evidence that
 reasonably supports the [circuit] court's finding."); id. at 470,
 578 S.E.2d at 722 ("[T]he committed person has
 the burden of showing the [circuit] court that probable cause exists to believe
 that his mental condition has so changed that he is safe to be released."); In re Care and Treatment of Corley, 365 S.C. 252, 258, 616 S.E. 2d 441,
 444 (Ct. App. 2005) ("[T]he Act contains no provision for court-ordered
 outpatient treatment.").  
AFFIRMED.
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.