THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Gerald Brown, Appellant.
 
 
 

Appeal from Greenville County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2012-UP-262
 Submitted April 2, 2012  Filed May 2,
2012  

AFFIRMED

 
 
 
 Appellate Defender Tristan M. Shaffer, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General
 Salley W. Elliott, and Assistant Attorney General Mark R. Farthing, all of
 Columbia; and Solicitor W. Walter Wilkins, III, of Greenville, for Respondent.
 
 
 

PER CURIAM: Gerald Brown appeals his sentence of life imprisonment without the
 possibility of parole for his convictions of armed robbery, first-degree burglary,
 and three counts of kidnapping.  Brown argues the trial court's use of his
 prior juvenile convictions to enhance his sentence under section 17-25-45 of
 the South Carolina Code (Supp. 2011) constituted cruel and unusual punishment.  We affirm[1] pursuant to Rule 220(b)(1), SCACR,
 and the following authorities: State
 v. Porter, 389 S.C. 27, 38, 698
 S.E.2d 237, 243 (Ct. App. 2010) (holding issues not raised and ruled upon in
 the trial court will not be considered on appeal); State v. Dunbar, 356
 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A
 party need not use the exact name of a legal doctrine in order to preserve it,
 but it must be clear that the argument has been presented on that ground."); In re Care & Treatment of Corley, 365 S.C. 252, 258, 616 S.E.2d 441,
 444 (Ct. App. 2005) ("Constitutional issues, like most others, must be
 raised to and ruled on by the trial court to be preserved for appeal.").[2]
AFFIRMED.
PIEPER,
 KONDUROS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.
[2] Even if we were to find the issue preserved, we
 would affirm.  See State v. Standard, 351 S.C. 199, 206, 569
 S.E.2d 325, 329 (2002) (holding the enhancement of a sentence under section
 17-25-45 of the South Carolina Code
 (Supp. 2011) with a prior juvenile
 conviction did not constitute cruel and unusual punishment).