**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of the Care and Treatment of Michael
Lawyer, Appellant.

Appellate Case No. 2014-000449

Appeal From Clarendon County
W. Jeffrey Young, Circuit Court Judge

Unpublished Opinion No. 2015-UP-380
Submitted July 1, 2015 – Filed July 29, 2015

**AFFIRMED**

Charles Thomas Brooks, III, of Law Office of Charles T.
Brooks, III, of Sumter, for Appellant.

Attorney General Alan McCrory Wilson, Senior
Assistant Deputy Attorney General Deborah R.J. Shupe,
and Assistant Attorney General Nicole Thomas
Wetherton, all of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities: S.C. Code Ann. § 44-48-110 (Supp. 2014) ("A person committed
pursuant to [the Sexually Violent Predator Act] must have an examination of his
mental condition performed once every year. . . . The [circuit] court must conduct
an annual hearing to review the status of the committed person. . . . If the [circuit]

court determines that probable cause exists to believe that the person's mental abnormality or personality disorder has so changed that the person is safe to be at large and, if released, is not likely to commit acts of sexual violence, the [circuit] court must schedule a trial on the issue."); *In re Care & Treatment of Tucker*, 353 S.C. 466, 470, 578 S.E.2d 719, 721 (2003) ("On review, the appellate court will not disturb the [circuit] court's finding on probable cause unless found to be without evidence that reasonably supports the [circuit] court's finding."); *id.* at 470, 578 S.E.2d at 722 ("In a [section] 44-48-110 probable cause hearing, the committed person has the burden of showing the [circuit] court that probable cause exists to believe that his mental condition has so changed that he is safe to be released.").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.