**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Vivian Lynn Schrader-Falls, Appellant.

Appellate Case No. 2014-001679

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2016-UP-378
Heard June 8, 2016 – Filed July 27, 2016

**AFFIRMED**

Benjamin Rogers Gooding and Beth B. Richardson, both of Sowell Gray Stepp & Laffitte, LLC, and Chief Appellate Defender Robert Michael Dudek, all of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General W. Edgar Salter, III, all of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

**PER CURIAM:**  Vivian Schrader-Falls appeals her conviction for murder, arguing the trial court erred in requiring her—after she confirmed her decision to testify—to testify prior to an expert witness.  We affirm.

Appellant argues the trial court abused its discretion and violated her due process rights under *Brooks v. Tennessee*, 406 U.S. 605, 612 (1972), by requiring her to testify before her expert witness testified.  Additionally, Appellant maintains this error resulted in a structural defect and is, therefore, not subject to a harmless error analysis.  We disagree.

Initially, we find Appellant's due process argument is not preserved.  Appellant objected to the trial court's ruling regarding the order of the witnesses; however, Appellant failed to make any arguments regarding her due process rights or *Brooks* as she does on appeal.  *See In re Care & Treatment of Corley*, 365 S.C. 252, 258, 616 S.E.2d 441, 444 (Ct. App. 2005) ("Constitutional issues, like most others, must be raised to and ruled on by the trial court to be preserved for appeal.  The record contains no indication that Corley ever raised a due process argument in the circuit court.  This argument is not preserved for review." (citation omitted)); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground."); *id.* ("A party may not argue one ground at trial and an alternate ground on appeal.").

As to the merits of the due process argument, even if it was preserved, we find the trial court did not violate Appellant's due process rights.  *See Johnson v. Minor*, 594 F.3d 608, 613 (8th Cir. 2010) ("Where the trial court reasonably believed that the defendant planned to testify and that his testimony was necessary to lay the foundation for another witness's testimony, a ruling that the defendant must testify before the other witness does not constitute *Brooks* error."); *Harris v. Barkley*, 202 F.3d 169, 173-74 (2d Cir. 2000) (finding a trial court did not violate *Brooks* in ruling the defendant had to testify—if he chose to testify at all—prior to a witness whose appearance was delayed); *Loher v. State*, 310 P.3d 1047, n.6 (Haw. Ct. App. 2011) ("A number of courts have similarly held that no *Brooks* violation occurs where the defendant made the decision [to testify] before the trial court's ruling.  These courts reason that the trial court's ruling could not have influenced the defendant's decision to testify.  If the defendant has decided to testify no matter what, the order of witnesses is less crucial.  The rationale underlying *Brooks*—

allowing the defendant to make an informed decision regarding the need for and value of his testimony—is not applicable in such situations." (citations omitted)).

Furthermore, we find the alleged due process violation did not constitute a structural defect and is, therefore, subject to a harmless error analysis. *See Brooks*, 406 U.S. at 613 (suggesting a harmless error analysis applies when the trial court requires the defendant to testify before other witnesses testified); *State v. Kido*, 76 P.3d 612, 621 (Haw. Ct. App. 2003) ("[T]he *Brooks* Court impliedly held that the error there, so similar to the error here, was subject to harmless error analysis."); *Stoddard v. State*, 31 A.3d 603, 613 (Md. 2011) ("Violations of *Brooks* are subject to harmless error analysis. The Supreme Court in *Brooks* suggested that the error is subject to harmless error analysis by noting that the State 'ma[de] no claim that this was harmless error,' 406 U.S. at 613, and other courts have applied harmless error analysis to *Brooks* violations. *See, e.g.*, [*United States v.*] *Rantz*, 862 F.2d [808, 812-13 (10th Cir. 1988)]. The error before us is trial error, not structural error, and is subject to harmless error analysis." (first alteration by court) (footnote omitted)).

Consequently, even assuming the trial court violated Appellant's due process rights or abused its discretion under South Carolina case law or rules of evidence by requiring Appellant to testify prior to her expert witness, we find any error was harmless. Appellant failed to show prejudice resulting from the trial court's ruling as she failed to show the ruling influenced the jury's verdict. *See State v. Tapp*, 398 S.C. 376, 389, 728 S.E.2d 468, 475 (2012) ("The key factor for determining whether a trial error constitutes reversible error is 'whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" (quoting *State v. Charping*, 313 S.C. 147, 157, 437 S.E.2d 88, 94 (1993)); *State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) ("Whether an error is harmless depends on the circumstances of the particular case. No definite rule of law governs this finding; rather, the materiality and prejudicial character of the error must be determined from its relationship to the entire case. Error is harmless when it 'could not reasonably have affected the result of the trial.'" (quoting *State v. Key*, 256 S.C. 90, 93, 180 S.E.2d 888, 890 (1971)); *State v. Hariott*, 210 S.C. 290, 298, 42 S.E.2d 385, 388 (1947) ("It is a rule of practically universal application in appellate procedure that an accused cannot avail himself of error as a ground for reversal where the error has not been prejudicial to him. Technical errors or defects, or mere irregularities which do not affect the substantial rights of the accused are generally disregarded on review by the appellate court, particularly where guilt appears from the record to be clearly established.").

**AFFIRMED.**

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**