**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

In the Matter of the Care and Treatment of Charles
Sullivan, Appellant.

Appellate Case No. 2019-002020

---

Appeal From Richland County
Thomas A. Russo, Circuit Court Judge

---

Unpublished Opinion No. 2022-UP-216
Submitted March 1, 2022 – Filed May 18, 2022

---

**AFFIRMED**

---

James Kristian Falk, of Falk Law Firm, LLC, of
Charleston, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General Deborah R.J. Shupe,
both of Columbia, for Respondent.

---

**PER CURIAM:** Charles Sullivan appeals the circuit court's denial of his petition
for release from the South Carolina Sexually Violent Predator Treatment Program.
On appeal, Sullivan argues the circuit court erred by (1) denying his statutory right
to have a jury decide whether he should be released from indefinite confinement
and (2) violating his due process rights. We affirm.

1. We hold the circuit court properly denied Sullivan's petition for release because the evidence reasonably supported its finding that no probable cause existed to believe Sullivan's mental condition had so changed that he was safe to be at large and not likely to commit acts of sexual violence. *See In re Care & Treatment of Tucker*, 353 S.C. 466, 470, 578 S.E.2d 719, 721 (2003) ("On review, the appellate court will not disturb the hearing court's finding on probable cause unless found to be without evidence that reasonably supports the hearing court's finding."); S.C. Code Ann. § 44-48-110 (2018) ("If the court determines that probable cause exists to believe that the person's mental abnormality or personality disorder has so changed that the person is safe to be at large and, if released, is not likely to commit acts of sexual violence, the court must schedule a trial on the issue."); *Tucker*, 353 S.C. at 470, 578 S.E.2d at 722 ("In a [section] 44-48-110 probable cause hearing, the committed person has the burden of showing the hearing court that probable cause exists to believe that his mental condition has so changed that he is safe to be released.").

2. We hold Sullivan's argument regarding a violation of his due process rights is not preserved for appellate review because he failed to raise it to the circuit court. *See In re Care & Treatment of Corley*, 365 S.C. 252, 258, 616 S.E.2d 441, 444 (Ct. App. 2005) ("Constitutional issues, like most others, must be raised to and ruled on by the trial court to be preserved for appeal.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.