**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of the Care and Treatment of Kevin Lamar Wright, Appellant.

Appellate Case No. 2020-001551

———————

Appeal From Charleston County
Jennifer B. McCoy, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-452
Submitted November 1, 2022 – Filed December 14, 2022

———————

**AFFIRMED**

———————

James Kristian Falk, of Falk Law Firm, LLC, of Charleston, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

———————

**PER CURIAM:** Kevin Wright appeals the circuit court's order denying his request for a jury trial to determine his fitness for release from the South Carolina Sexually Violent Predator Treatment Program. On appeal, Wright argues the circuit court erred by finding that "no probable cause [existed] to believe [his] mental abnormality or personality disorder ha[d] so changed [that] he was safe to be at large and, if released, was not likely to commit [additional] acts of sexual violence." We affirm pursuant to Rule 220(b), SCACR, and the following

authorities: *In re Care & Treatment of Tucker*, 353 S.C. 466, 470, 578 S.E.2d 719, 721 (2003) ("On review, the appellate court will not disturb the hearing court's finding on probable cause unless found to be without evidence that reasonably supports the hearing court's finding."); *id.* at 470, 578 S.E.2d at 722 ("In a [section] 44-48-110 probable cause hearing, the committed person has the burden of showing the hearing court that probable cause exists to believe that his mental condition has so changed that he is safe to be released."); S.C. Code Ann. § 44-48-110 (2018) ("If the court determines that probable cause exists to believe that the person's mental abnormality or personality disorder has so changed that the person is safe to be at large and, if released, is not likely to commit acts of sexual violence, the court must schedule a trial on the issue.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.