**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of the Care and Treatment of John O'Neil Johnson, Appellant.

Appellate Case No. 2021-000249

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2023-UP-139
Submitted February 1, 2023 – Filed April 5, 2023

**AFFIRMED**

James Kristian Falk, of Falk Law Firm, LLC, of Charleston, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

**PER CURIAM:** This is an appeal of an order issued pursuant to an annual review hearing under to section 44-48-110 of the South Carolina Code (2018). The circuit court declined to schedule a release hearing for John O'Neil Johnson and directed that he remain confined and in the custody of the South Carolina Department of Mental Health for long term control, care, and treatment pursuant to the Sexually

Violent Predator Act (SVP Act).[1]  Johnson appeals, arguing his due process rights were violated because the circuit court improperly weighed the evidence he presented in support of his request for release.  We affirm.

Contrary to Johnson's suggestion that no published South Carolina decision has addressed the appropriate probable cause standard under section 44-48-110, *State v. Tucker*, 353 S.C. 466, 578 S.E.2d 719 (2003), which concerned an annual review hearing with competing evidence about the eligibility of a person committed to a sexually violent predator treatment program (SVPTP) for release, is on point and controlling authority.  In that case, our supreme court affirmed the circuit court's finding that, notwithstanding an expert opinion that the committed person could be safely released into the community with restrictions, the person failed to establish probable cause that would support a finding that he was safe to be at large and unlikely to commit acts of sexual violence.  *Id.* at 468-69, 578 S.E.2d at 721. Furthermore, section 44-48-110 requires the hearing court to schedule a trial on the issue of a committed person's eligibility for release from an SVPTP only if the "the court determines that probable cause exists to believe that the person's mental abnormality or personality disorder has so changed that the person is safe to be at large and, if released, is not likely to commit acts of sexual violence."  Considering this provision along with this court's statement in *In re Care & Treatment of Corley*, 365 S.C. 252, 256-57, 616 S.E.2d 441, 443 (Ct. App. 2005), that "in making a probable cause determination in an annual review hearing under the [SVP] Act, the circuit court should substantially comply with Rule 52(a)," SCRCP, we hold the legislative intent of section 44-48-110 was to entrust the circuit court to review and weigh all the evidence presented at the hearing to determine whether the committed person has carried the burden set forth in *Tucker* "of showing the hearing court that probable cause exists to believe that his mental condition has so changed that he is safe to be released."  *See Tucker*, 353 S.C. at 470, 578 S.E.2d at 722.  Therefore, we hold the circuit court did not violate Johnson's due process rights in weighing the evidence he presented in support of his request for a hearing to adjudicate his eligibility for release from the SVPTP.

**AFFIRMED.**[2]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] S.C. Code Ann. §§ 44-48-10 through -170 (2018).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.