**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Brittany Valencia Martin, Appellant.

Appellate Case No. 2022-001444

———————

Appeal From Sumter County
R. Kirk Griffin, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-274
Submitted June 3, 2024 – Filed July 24, 2024

———————

**AFFIRMED**

———————

Sybil Dione Rosado, of The Law Office of Sybil D. Rosado, LLC, of Columbia; and David Allen Chaney, Jr. and Meredith Dyer McPhail, both of ACLU of South Carolina, of Columbia; all for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, all for Respondent.

———————

**PER CURIAM:** Brittany Martin (Appellant) appeals her conviction for Breach of Peace of a High and Aggravated Nature (BOPHAN) and sentence of four years' imprisonment. We affirm.

1. Appellant argues her conviction for BOPHAN must be vacated because it violates the First Amendment. This argument is not preserved. Appellant never requested a directed verdict on the BOPHAN charge. In addition, her motion to dismiss the BOPHAN charge did not include a First Amendment argument. *See In re Michael H.*, 360 S.C. 540, 546, 602 S.E.2d 729, 732 (2004) ("An issue may not be raised for the first time on appeal."); *id.* ("In order to preserve an issue for appeal, it must be raised to and ruled upon by the trial court."); *State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989) ("A party cannot argue one ground for a directed verdict in trial and then an alternative ground on appeal."); *State v. Jordan*, 255 S.C. 86, 93, 177 S.E.2d 464, 468 (1970) (stating issues not raised to the trial court in support of the directed verdict motion are not preserved for appellate review); *State v. Gault*, 375 S.C. 570, 573-74, 654 S.E.2d 98, 100 (Ct. App. 2007) (finding the defendant's argument that the magistrate improperly denied his directed verdict motion based on the First Amendment was not preserved for review because the defendant did not raise the specific argument to the magistrate at trial); *In re Care & Treatment of Corley*, 365 S.C. 252, 258, 616 S.E.2d 441, 444 (Ct. App. 2005) ("Constitutional issues, like most others, must be raised to and ruled upon by the trial court to be preserved for appeal."). Appellant asserts this court must conduct an independent review of the record to ensure her conviction was not in violation of the First Amendment. She relies on the United States Supreme Court's opinion in *Bose Corp. v. Consumers Union of U.S., Inc.*, in which the Court held, "[I]n cases raising First Amendment issues we have repeatedly held that an appellate court has an obligation to 'make an independent examination of the whole record' in order to make sure that 'the judgment does not constitute a forbidden intrusion on the field of free expression.'" 466 U.S. 485, 499 (1984) (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 284–286 (1964)). The Supreme Court in *Bose* set forth the standard of review for an appellate court to consider a constitutional issue; it did not hold a constitutional issue is exempt from preservation requirements. *See U.S. S.E.C. v. Pirate Inv. LLC*, 580 F.3d 233, 242 (4th Cir. 2009) ("In *Bose*, the Supreme Court was concerned with determining the proper standard of review for courts of appeals to apply when confronted with a district court finding that a particular statement was made with the 'actual malice' required by *New York Times*.").

2. Appellant argues her BOPHAN conviction must be reversed because the trial court failed to instruct the jury about her First Amendment defense. We hold this

issue is not preserved because Appellant failed to object to the charge the trial court gave the jury. The trial court attempted to give the jury a charge that encompassed Appellant's request to charge. It was incumbent on Appellant to raise to the trial court the inadequacy of the charge as given. *See State v. Ford*, 334 S.C. 444, 454, 513 S.E.2d 385, 390 (Ct. App. 1999) ("When a charge is inadequate as given, a party must request further instructions or object on grounds of incompleteness to preserve the issue for review."); *State v. Avery*, 333 S.C. 284, 296, 509 S.E.2d 476, 483 (1998) (finding an objection to a jury instruction was unpreserved when the defendant "did not object to the trial [court's] initial or supplemental instructions").

3. Appellant argues her conviction must be reversed because the charge of BOPHAN is unconstitutionally vague. This issue is was never raised to nor ruled upon by the trial court and is not preserved. *In re Michael H.*, 360 S.C. at 546, 602 S.E.2d at 732 ("An issue may not be raised for the first time on appeal. In order to preserve an issue for appeal, it must be raised to and ruled upon by the trial court."); *In re Care & Treatment of Corley*, 365 S.C. at 258, 616 S.E.2d at 444 ("Constitutional issues, like most others, must be raised to and ruled upon by the trial court to be preserved for appeal.").

4. Appellant argues her conviction for BOPHAN violates the Sixth Amendment because the trial court failed to ensure a unanimous verdict.[1] This issue was never raised to nor ruled upon by the trial court, and is therefore not preserved. See *In re Michael H.*, 360 S.C. at 546, 602 S.E.2d at 732 ("An issue may not be raised for the first time on appeal. In order to preserve an issue for appeal, it must be raised to and ruled upon by the trial court."); *In re Care of Treatment of Corley*, 365 S.C. at 258, 616 S.E.2d at 444 ("Constitutional issues, like most others, must be raised to and ruled upon by the trial court to be preserved for appeal.").

5. Appellant argues her four-year prison sentence for nonviolent and nondestructive conduct was grossly disproportionate and violates the Eighth Amendment. We disagree. *See State v. Harrison*, 402 S.C. 288, 299-300, 741 S.E.2d 727, 733 (2013) ("[I]n analyzing proportionality under the Eight Amendment outside the capital context, South Carolina courts shall first determine whether a comparison between the sentence and the crime committed gives rise to an inference of gross disproportionality. If no such inference is present, the analysis ends."); *id.* at 300, 741 S.E.2d at 733 ("In the rare instance that this threshold comparison gives rise to such an inference, intrajurisdictional and

---

[1] The trial court polled the jury, and the verdict was unanimous.

interjurisdictional analysis is appropriate."); *id.* ("Courts may then look to whether more serious crimes carry the same penalty, or more serious penalties, and the sentences imposed for commission of the same crime in other jurisdictions."); *id.* ("Courts should use this comparative analysis to confirm the gross disproportionality inference, and not to develop an inference when one did not initially exist."); *State v. Simms*, 412 S.C. 590, 598, 774 S.E.2d 445, 449 (2015) ("[B]ecause no sentence is specified for aggravated breach of the peace under our criminal law, section 17-25-30 of the South Carolina Code controls."); S.C. Code Ann. § 17-25-30 (2014) ("In cases of legal conviction when no punishment is provided by statute the court shall award such sentence as is conformable to the common usage and practice in this State, according to the nature of the offense, and not repugnant to the Constitution."); *Simms*, 412 S.C. at 592-93, 774 S.E.2d at 446 (affirming appellant's conviction for aggravated breach of the peace and sentence of ten years' imprisonment suspended upon the service of three years' imprisonment, plus three years' probation).  Although the trial court sentenced Appellant to four years' imprisonment, she was eligible for parole after serving one-fourth of the sentence pursuant to section 24-21-610 of the South Carolina Code (2007).  Considering the crime for which the jury convicted Appellant, her prior criminal history, and the sentence given in *Simms*, we hold Appellant's sentence of four years' imprisonment with a possibility of parole in one year was not in violation of the Eighth Amendment.

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.